UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PAUL ROMAN,

               Plaintiff,

        v.

J.I.M.C. RESTAURANT CORP d/b/a NEW
APOLLO DINER, JOHN MISIRIOTIS and
MICHAEL MISIRIOTIS,

               Defendants.

**MEMORANDUM & ORDER**
24-CV-8136 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Paul Roman brought this action against Defendants J.I.M.C. Restaurant Corp. d/b/a New Apollo Diner, John Misiriotis, and Michael Misiriotis, asserting claims of unpaid overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); failure to provide wage statements and wage notices in violation of the NYLL; and failure to pay "spread of hours" compensation in violation of the NYLL. *See* ECF No. 1 ¶¶ 45–72 (Compl.).[1] The parties have submitted their proposed settlement of Plaintiff's FLSA and NYLL claims for the Court's review and approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* ECF No. 25 (*Cheeks* Mot.). The parties' original proposed settlement was denied for the overbroad release provision. *See* February 26, 2026, Text Order; ECF No. 25-1 (the "Original Proposed Settlement Agreement"). The parties filed a revised settlement agreement on May 6, 2026. *See* ECF No. 30 (the "Revised Proposed

---

[1]     Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

Settlement Agreement"). As explained in more detail herein, the Court approves the Revised Proposed Settlement Agreement, under which Plaintiff will receive $29,790.50 and her counsel will receive $18,209.50 in attorneys' fees and costs.

## LEGAL STANDARD

In *Cheeks*, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [U.S. Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. "When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020). "If a district court concludes pursuant to *Cheeks* that a proposed settlement is unreasonable in whole or in part, the court cannot simply rewrite the agreement—it must reject the agreement or give the parties an opportunity to revise it." *Id.* at 605.

Although the Second Circuit has not established an exhaustive list of factors that district courts should consider when reviewing FLSA settlements, it has identified the following factors that district courts "typically" use:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Id.* at 600. In addition, courts should not approve settlements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *See Cheeks*, 796 F.3d at 206. With respect to attorneys' fees, the fees collected by a plaintiff's attorneys need not be calculated as a percentage of the overall settlement, and in the event that they are calculated as a

2

percentage, they need not be limited to 33% of the settlement. *See Fisher*, 948 F.3d at 602–03 (vacating district court order that limited the attorneys' fees collected by plaintiff's counsel to 33% of the settlement). This is because the attorneys' fees provision of the FLSA was designed to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Id.* at 603.

### **DISCUSSION**

The Court finds that the parties' Revised Proposed Settlement Agreement is fair and reasonable according to *Cheeks* and its progeny. *See* ECF No. 30. The total settlement amount is $48,000, inclusive of attorneys' fees and costs, of which Plaintiff will ultimately receive $29,790.50. *See id.* ¶ 2. The recovery is to be paid across four installments. *See id.* Plaintiff states that his unpaid overtime wages total $36,630, and his maximum possible recovery, which would include liquidated damages and statutory damages, is $83,260. *See* ECF No. 25 at 2. Plaintiff's net result under the settlement (excluding attorneys' fees and costs), therefore, amounts to 81% of his unpaid wages and 36% of his best-case scenario recovery.

The Court notes that other courts in this Circuit have found a settlement recovery of well below 36% to be "fair and reasonable and in line with other cases approving FLSA settlements in this Circuit." *See Soto v. Triumph Constr. Corp.*, No. 21-cv-2449, 2023 WL 3483753, at *3 (S.D.N.Y. Apr. 26, 2023) (approving a settlement amount around 15% of plaintiff's possible recovery); *see also Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 323 (S.D.N.Y. 2021) (collecting cases and approving a settlement amount around 13% of plaintiff's potential recovery). This conclusion is bolstered by the significant risks that Plaintiff would face if he were to continue litigating this action. Accordingly, the Court finds the

settlement amount in the instant case to be reasonable in light of Plaintiff's range of possible recovery and the risks of continued litigation.

Moreover, the parties negotiated this settlement at arm's length by participating in the District's Court-Annexed Mediation Program where the parties were represented by experienced counsel. *See* July 16, 2025, Report of Mediation; ECF No. 25 at 4. And unlike in the Original Proposed Settlement Agreement, the Release provision in the Revised Proposed Settlement Agreement is not overly broad because it is "strictly limited to the wage and hour issues and claims at issue in this lawsuit" and "conduct that arises out of the identical factual predicate as the settled conduct." ECF No. 30 ¶ 3. The full settlement has been publicly filed, and it contains no confidentiality provisions, non-disparagement clauses, or provisions limiting Plaintiff's ability to work in the future. *See* ECF No. 30 at 1–6.[2]

With respect to attorneys' fees, Plaintiff's counsel seeks $16,000 in fees and $2,209.50 in costs, consisting of the $405 filing fee, $317 for service of process, and the $1,487.50 mediation fee, for a total of $18,209.50. *See* ECF No. 25 at 4. The Court evaluates the attorneys' fees as a percentage of Plaintiff's settlement net of costs. *See Montalvo v. Arkar Inc.*, No. 17-cv-6693, 2018 WL 2186415, at *2 (S.D.N.Y. May 10, 2018) ("When assessing the reasonableness of an attorney's fee on the basis of its percentage of the settlement, it is fairer to look to the percentage of the settlement net of costs."). Plaintiff's counsel is seeking a fee that is approximately 33% of the settlement net of costs. Although attorneys' fees need not be limited to 33% of the settlement, *see Fisher*, 948 F.3d at 602–03, courts in this Circuit routinely approve settlements that provide attorneys with one-third of the settlement fund in FLSA cases. *See Escobar v.*

---

[2]    In light of the analysis herein, the Court accepts the parties' Revised Proposed Settlement Agreement with one exception: the Court will not retain jurisdiction over the parties subject to the settlement agreement or the action as it pertains to those parties. *See* ECF No. 30 ¶ 10.

*Variedades Belen Corp.*, No. 23-cv-04849, 2024 WL 1259367, at *5 (E.D.N.Y. Mar. 25, 2024) (collecting cases). Therefore, Plaintiff's counsel's proposed attorneys' fees are reasonable under the percentage method.

As a check on the reasonableness of attorneys' fees, however, courts also calculate the "lodestar" amount, which is the "product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11-cv-3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014). Plaintiff's former counsel, Amit Kumar,[3] submitted contemporaneous billing records documenting his work on this matter. *See* ECF No. 25-2 (Timesheet). Mr. Kumar's time records establish that he worked 53.3 billable hours at an hourly rate of $350. *See* ECF No. 25. The billing records are reasonable for a law firm partner like Mr. Kumar, who is an experienced wage and hour litigator. *See Mendoza v. A.P.P.I. Mgmt. Corp.*, No. 22-cv-02179, 2023 WL 4471944, at *4 (E.D.N.Y. July 11, 2023) (finding Mr. Kumar's hourly rate of $300 was reasonable); *see also Li v. Chang Lung Grp. Inc.*, No. 16-cv-6722, 2020 WL 1694356, at *15 (E.D.N.Y. Apr. 7, 2020) (noting that $300 to $450 is range of reasonable hourly rates for partners in FLSA cases within the Eastern District of New York). The lodestar amount is therefore $18,655, and the lodestar multiplier is 0.86. Given that courts "regularly award lodestar multipliers from two to six times lodestar," *Escobar*, 2024 WL

---

[3] As of the date of this Order, attorney Amit Kumar has withdrawn from Plaintiff's representation because he is no longer associated with the law firm, Law Offices of William Cafaro. *See* December 3, 2025, Order Granting Motion to Withdraw as Attorney. Because only Mr. Kumar worked on this case when the *Cheeks* motion was filed, *see* ECF No. 25-2, and because he left the firm while the motion was pending, the Court calculates the lodestar using Mr. Kumar's hourly rate, not that of Plaintiff's current attorney, William Cafaro.

The Court further notes that, under the Revised Proposed Settlement Agreement, the attorneys' fee payments are to be made by checks payable to "William Cafaro, PC" in the agreed amounts. *See* ECF No. 30 ¶ 2.

1259367, at *6, the Court finds Plaintiff's requested $18,209.50 in attorneys' fees and costs to be fair and reasonable.

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS the parties' motion for settlement approval based on the Revised Proposed Settlement Agreement, ECF No. 30, pursuant to *Cheeks*, *see* ECF No. 25.  The Clerk of Court is respectfully directed to close this case.


        SO ORDERED.

                                 */s/ Hector Gonzalez*
                                HECTOR GONZALEZ
                                United States District Judge

Dated:  Brooklyn, New York
        May 27, 2026

6